IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RONALD ANTHONY MARCUM                                            PLAINTIFF

v.                              Case No. 6:24-cv-6131

P.K. HOLMES, III (United States
District Judge), *et al.*                                        DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed May 28, 2025, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 28. Currently before the Court is Plaintiff's refusal to obey five Court orders and failure to prosecute this case. Judge Bryant recommends that this case be dismissed with prejudice. Plaintiff has responded with objections. ECF No. 32. The Court finds the matter ripe for consideration.

### I. BACKGROUND

Plaintiff, who is representing himself in this matter, has filed a thirty-three-page initial complaint listing eight claims against 111 Defendants. ECF No. 1. The named Defendants include, but are not limited to United States district judges, United States magistrate judges, Eighth Circuit judges, Arkansas state judges, current and former Arkansas governors, Arkansas state prosecutors, United States senators, current and former Arkansas attorney generals, federal and state clerks of court, Arkansas State Police troopers, a jail medial provider, and private attorneys. Plaintiff's claims are mostly incoherent and conclusory but appear to reference kidnapping and human trafficking of Plaintiff, use of excessive force to kidnap on private property, denial of medical care, violating the law by activating emergency lights when there was no emergency, destruction of personal property, denial of Freedom of Information Act requests, refusal to file a

claim on human trafficking, kidnapping of Plaintiff's daughter, and notarization of a perjured kidnapping statement.

Because the complaint was unintelligible and the assigned magistrate judge could not discern any connection between the sparse facts alleged and most of the named Defendants, Plaintiff was ordered to file an amended complaint to address certain deficiencies. ECF No. 8. Plaintiff was advised that failure to submit his amended complaint would result in the dismissal of his case. ECF No. 8. When Plaintiff failed to file an amended complaint, the Court entered an Order to Show Cause directing Plaintiff to show cause for his failure to file an amended complaint. ECF No. 9. After Plaintiff submitted a change of address (ECF No. 10) without filing an amended complaint, the Court entered a second Show Cause Order directing Plaintiff to show cause as to why he failed to file an amended complaint. ECF No. 11. Approximately one month later, Plaintiff filed a notice of address change, stating that he was currently incarcerated at the Miller County Detention center. ECF No. 12. The Court then entered a third show cause order directing Plaintiff to show cause as to why he failed to file an amended complaint. ECF No. 13.

Instead of submitting an amended complaint or a show cause response as directed, Plaintiff submitted a "Notice of Mail Tampering by Detaining Agencies." ECF No. 14. Plaintiff also submitted a "Notice of Trespass on Rights Judicial Complaint." ECF No. 15. Plaintiff claimed that he was not receiving his legal mail, and thus the Court ordered Miller County Sheriff Wayne Easley to ensure that Plaintiff properly received all mail from the Court. ECF No. 16. The Court then entered an order again directing Plaintiff to submit an amended complaint. ECF No. 17.

Instead of submitting an amended complaint as ordered, Plaintiff filed three "Notices Regarding Mail." ECF Nos. 19, 20, 21. In these notices it appears that Plaintiff is accusing magistrate judges, district court judges, and Eighth Circuit judges of engaging in mail fraud. He

also continues to allege that the Miller County Detention Center staff is not delivering his mail to him. Plaintiff also filed a First and Second "Notice of Guarantee of Republican Form of Government/Guarantee of Life, Liberty, Pursuit of Happiness." ECF Nos. 23, 26.

On May 21, 2025, the Court, noting Plaintiff's continued abuse of judicial process in this case, entered an Order directing Plaintiff to file no further pleadings without prior approval of the Court. ECF No. 27. To date, Plaintiff has neither submitted an amended complaint nor responded to the Orders to Show Cause.

## II. STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court must apply a liberal construction when determining whether *pro se* objections are specific.

*Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

### III.  DISCUSSION

Plaintiff has refused to obey five Court Orders.  Instead of filing an amended complaint as ordered, Plaintiff filed six notices containing unintelligible writings.  It appears that Plaintiff has received the Court's orders as none of them were returned as undeliverable.  Because Plaintiff has failed to obey Court Orders, Judge Bryant recommends that this case be dismissed.  Noting that Plaintiff has previously filed two cases in this District that were both dismissed for failure to obey court orders and failure to prosecute, Judge Bryant also finds that Plaintiff has abused his *in forma pauperis* status by wasting the Court's resources by filing lengthy, frivolous, abusive, and unintelligible pleadings in the Western District of Arkansas.  Because of this abuse of the judicial process, Judge Bryant recommends that Plaintiff be barred from proceeding *in forma pauperis* in any future proceedings in the Western District of Arkansas unless he is under imminent threat of death or serious physical injury.

Plaintiff has filed objections to the Report and Recommendation.  ECF No. 32.  The objections are not responsive to the Report and Recommendation and are not specific to trigger *de novo* review.  In his objections, Plaintiff states that "he has every right to make [his] claim" and that Judge Bryant is "threatening [him] with crimes."   ECF No. 32.  Plaintiff also states his intention to file a judicial complaint and declares that Judge Bryant  is "no longer a government employee." ECF No. 32.

The Court agrees with Judge Bryant that Plaintiff has failed to obey several Court orders and thus has failed to prosecute this case.  The Court also agrees with Judge Byrant's finding, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.1(c)(2), that Plaintiff is abusing the judicial process based on his pattern of filing lengthy, frivolous, and unintelligible pleadings

4

in the Western District of Arkansas.

## IV. CONCLUSION

Being well and sufficiently advised and finding no clear error on the face of the record, the Court adopts the Report and Recommendation (ECF No. 28) *in toto*. Accordingly, this case is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.1(c)(2) for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

Further, Plaintiff is **BARRED** from proceeding *in forma pauperis* in any case in the Western District of Arkansas unless he has provided coherent and legally sufficient allegations that he is under threat of death or serious physical injury. The Clerk is directed to return to Plaintiff without filing any future filing submitted by Plaintiff unless it contains a sworn verification that Plaintiff is in imminent danger of serious physical harm or death.

**IT IS SO ORDERED**, this 9th day of September, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge